UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Criminal Action No. 6: 13-027-DCR-5 |
| V. | ) |
| KEVIN PHELPS, | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Defendant. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Kevin Phelps is currently serving a 34-month term of imprisonment following his conviction of conspiracy to manufacture methamphetamine in violation of 21 U.S.C. § 846, which was a lesser included offense to the charge contained in the Indictment. [Record Nos. 76, 335]  Phelps and thirteen other co-defendants were charged in the conspiracy.  Between October 13, 2010 and July 29, 2011, Phelps admitted that he provided co-defendant Joseph Johnson with pseudoephedrine in exchange for half of a gram of methamphetamine.  [Record No. 322, pp. 1–2]  Phelps knew that the pseudoephedrine he provided would be used to produce methamphetamine.  [Id.]

Phelps' motion [Record No. 450] requesting a reduction of his sentence under Amendment 782 to the United States Sentencing Guidelines and 18 U.S.C. § 3582(c)(2) is pending for consideration.  The issue is whether a sentence reduction would be warranted in light of the facts of the case and all relevant factors to be considered under 18 U.S.C. § 3553.  The Court considers all relevant statutory factors, including the seriousness of the crime, the personal history and characteristics of the defendant, the defendant's acceptance of

responsibility and cooperation, specific and general deterrence, and the need to protect the public from potential, future crimes by Phelps. Phelps argues that he qualifies for the two-point reduction and that he has been a model inmate during his incarceration period. [*Id.*] He has maintained a job as an orderly, had "zero disciplinary incidents," and is scheduled to graduate from the Residential Drug Abuse Program in June 2015. [*Id.*] He argues that he has maintained strong ties to the community, has a strong family foundation, and has taken advantage of the opportunities provided in prison. [*Id.*] While commendable, those positive achievements do not convince the Court that the previously-imposed sentence should be reduced.[1]

Phelps was sentenced on April 18, 2014. [Record No. 330] At that time, 35 grams of pseudoephedrine were credited to Phelps' involvement in the conspiracy. As outlined in his presentence investigation report, Phelps' Base Offense Level was calculated as 26. Phelps qualified for the Safety Valve, however, and also benefitted from a three-level reduction for acceptance of responsibility, resulting in a Total Offense Level of 21. Based on a prior conviction for theft, Phelps was assessed one criminal history point, placing him in Criminal History Category I. His resulting non-binding guideline range was 37 to 46 months.

---

1 The Court has also determined that appointment of counsel is not necessary. Further, this matter need not be scheduled for hearing to resolve the defendant's motion. There is no constitutional right to counsel or to a hearing in proceedings filed under 18 U.S.C. § 3582(c)(2). *United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995); *United States v. Townsend*, 98 F.3d 510 (9th Cir. 1996); *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009); and *United States v. Legree*, 205 F.3d 724 (4th Cir. 2000), *cert. denied*, 531 U.S. 1080 (2001).

A motion filed under 18 U.S.C. § 3582(c)(2), "is simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the U.S. Sentencing Guideline Manual. As such, it does not entitle [a prisoner] to appointed counsel." *Townsend*, 98 F.3d at 513 (citing *Whitebird*, 55 F.3d at 1011). Instead, the district court has discretion to determine whether appointment of counsel is warranted. Where, as here, the record and information possessed by the Court from the original sentencing is sufficient to consider any motion filed under 18 U.S.C. § 3582(c)(2), appointment of counsel would be unnecessary and a waste of resources.

Prior to sentencing, the Court denied Phelps' request to apply the two-level reduction based on Amendment 782, because the Amendment was not in effect. [Record Nos. 305, 310] At sentencing, however, the Court granted Phelps' oral motion for a downward variance. [Record No. 330] The Court determined that a sentence of 34 months was sufficient, but not greater than necessary, to satisfy all statutory factors and goals set out in § 3553.

After reviewing the relevant § 3553 factors and Phelps' post-sentencing conduct, the Court again concludes that a term of incarceration of 34 months, but no less, is appropriate under the circumstances. Phelps benefitted from the application of the Safety Valve and a downward variance of three months below the guideline range in effect at the time of his sentencing as a result of his effective drug treatment, positive employment history and other positive characteristics. However, a further reduction of Phelps' sentence would unduly diminish the seriousness of his crime and fail to provide sufficient specific or general deterrence under the circumstances.

A reduced sentence also would fail to serve as sufficient punishment. For nine months, Phelps knowingly participated for in a large scale conspiracy that produced an enormous amount of methamphetamine. Phelps' success with the drug treatment and other available programs has not convinced the Court that he will not present a danger of re-offending when released. Even if the Court were inclined to reduce Phelps' sentence, the order would not be effective until November 1, 2015.[2] He is currently scheduled to be released on December 16, 2015. The Court finds that the danger to the community weighs

---

[2] "The Court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later." U.S.S.G. § 1B1.10(e)(1).

against reducing Phelps' sentence by even one day.  The Court has considered the high costs of incarceration — which is not specifically recognized in 18 U.S.C. § 3553(a) — but finds that cost does not outweigh the other factors outlined herein.  For the foregoing reasons, it is hereby

ORDERED that Kevin Phelps' motion [Record No. 450] to reduce his sentence is **DENIED**.

This 18th day of May, 2015.

Signed By:
*Danny C. Reeves* DCR
United States District Judge